IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.D and R.D., | : CIVIL ACTION NO. 2:20-cv-749 |
| **Plaintiffs,** | : |
| vs. | : JURY TRIAL DEMANDED |
| | : |
| BENJAMIN PRICE, SULZER TURBO SERVICES NEW ORLEANS, INC., DELTA AIR LINES, INC., OHIO VALLEY BISTROS, INC., HOST INTERNATIONAL, INC. and HMSHOST CORPORATION | : NOTICE OF REMOVAL FILED |
| **Defendants.** | : ELECTRONICALLY FILED |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA:

Defendants, Host International, Inc. and HMSHost Corporation, by and through its attorneys, Rawle & Henderson LLP, respectfully aver as follows:

1. Plaintiffs commenced a civil action against defendants in the Court of Common Pleas of Allegheny County, Pennsylvania, with the filing of a Complaint on January 6, 2020, an Amended Complaint on February 13, 2020 and another Amended Complaint on April 24, 2020.

2. Plaintiffs' most recent Amended Complaint named Host International, Inc. and HMSHost Corporation as defendants. *See* Exhibit "A" – Plaintiffs' Amended Complaint.

3. Plaintiffs J.D and R.D. allege that J.D. sustained injuries and damages including unwanted sexual contact, emotional distress, post-traumatic stress disorder, anxiety, and depression . *See* Plaintiffs' Amended Complaint ¶¶136-142 attached hereto as Exhibit "A."

4. Based upon a fair reading of the Amended Complaint, Plaintiff J.D. has set forth a claim in which upon information and belief, states a claim for an amount in excess of the

13720257-1

jurisdictional limit of $75,000.00, exclusive of interest and costs, may be at stake. *See* Plaintiffs' Amended Complaint at p. 23.

5. Plaintiffs, J.D and R.D, are citizens of the State of Georgia. *See* Plaintiffs' Amended Complaint attached hereto as Exhibit "A." ¶¶ 1-2.

6. Upon information and belief, Defendant, Benjamin Price is a citizen of the State of West Virginia. *See* Plaintiffs' Amended Complaint attached hereto as Exhibit "A." ¶ 3.

7. Upon information and belief, Defendant, Sulzer Turbo Services New Orleans is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the state of Louisiana. *See* Plaintiffs' Amended Complaint attached hereto as Exhibit "A." ¶ 5.

8. Defendant, Ohio Valley Bistros, Inc. is a corporation organized and existing under the laws of Ohio with its principal place of business in Ohio. *See* Plaintiffs' Amended Complaint attached hereto as Exhibit "A." ¶8.

9. Host International, In and HMSHost Corporation are corporations organized and existing under the laws of the State of Delaware with its principal place of business in the State of Maryland.

10. Defendant, Delta Airlines, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the state of Georgia. *See* Plaintiffs' Exhibit "A" ¶7.

11. Plaintiffs' claims present a federal question which, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 USCS § 1331.

13720257-1

12. Plaintiffs' claims, in their Amended Complaint, all derive from an alleged assault on Plaintiff, J.D., by Defendant Price, upon a Delta Airlines plane, while in flight from Pittsburgh to Atlanta. See Plaintiffs' Amended Complaint generally attached hereto as Exhibit "A".

13. Plaintiffs' Amended Complaint incorporates and attaches Exhibit "1" to their Amended Complaint, which is the Judgment in a Criminal Case, of United States of America v. Benjamin Price being found guilty by plea, of 18 U.S.C. 113(a)(5) through the applicability of the 49 U.S.C. 46506(1), "An individual on an aircraft in the special aircraft jurisdiction of the United States who commits an act that—**(1)** if committed in the special maritime and territorial jurisdiction of the United States (as defined in section 7 of title 18) would violate section 113…"

14. As defined, under 49 U.S.C.S. § 46501 Definitions
> In this chapter [49 USCS §§ 46501 et seq.]—
> **(1)** "aircraft in flight" means an aircraft from the moment all external doors are closed following boarding—
> **(A)** through the moment when one external door is opened to allow passengers to leave the aircraft; or
> **(2)** "special aircraft jurisdiction of the United States" includes any of the following aircraft in flight:
> **(A)** a civil aircraft of the United States.

15. This matter in analogous to *Chumney v. Nixon*, 615 F.2d 389 (6th Cir. 1980). In this matter the 6th Circuit was asked to decide if a civil remedy was implicit in from the criminal violation of 18 U.S.C. § 113. *Id* at 394.

16. The 6th Circuit found that a civil remedy was implicit from 18 U.S.C. § 113 and a federal question did exist based on 4 factors. First, Plaintiff was a member of a class that the statutes involved was created. *Id*. Second, the legislative history shows no specific language to create a civil remedy or prohibits an inference of such intent. *Id*. Third, a civil action would be consistent with the overall congressional purpose. *Id*. Fourth, this is not a matter traditionally relegated to state courts and therefore it is appropriate to infer a cause of action based solely on federal law. *Id*. at 394-395.

13720257-1

17. Here, J.D. and R.D. are members of a class that 18 U.S.C. § 113 aims to protect, which are those traveling on board an aircraft. Likewise, there is no legislative history in Pennsylvania to prohibit an inference that this matter is a matter of Federal Jurisdiction. Furthermore, Federal Jurisdiction, would be consistent with the overall congressional purpose of the statute and, the issues presented here are not the type of issues relegated to state courts, but rather those that are more appropriate for review under federal law.

WHEREFORE, Defendants Host International, Inc. and HMSHost Corporation, prays that the above-captioned action now pending in the Court of Common Pleas of Allegheny County, Pennsylvania, be removed therefrom to this Honorable Court.

        RAWLE & HENDERSON LLP

        By: /s/Thomas DiStefano
           Thomas DiStefano, Esquire
           Pa. I.D.  202847
           tdistefano@rawle.com
           Counsel for Defendants
           Host International, Inc. and HMSHost Corporation
           The Henry W. Oliver Building
           Suite 1000
           535 Smithfield Street
           Pittsburgh, PA 15222
           (412)-261-5700
           (412)-261-5710– Fax

Dated: May 22, 2020

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within **NOTICE OF REMOVAL** was forwarded on the 22nd day of May, 2020.

## VIA EMAIL

| | |
|---|---|
| Douglas P. Desjardins, Esquire<br>Amanda C. Dure, Esquire<br>Pangia Law Group<br>1717 North Street, NW<br>Suite 300<br>Washington, DC  20036<br>dpd@pangialaw.com<br>adure@pangialaw.com<br>***Counsel for Plaintiffs*** | Julianne Beil, Esquire<br>Kristina Baker, Esquire<br>Cutruzzula & Nalducci<br>3300 Grant Building<br>310 Grant Street<br>Pittsburgh, PA  15219<br>jbeil@cnlawfirm.net<br>kbaker@cnlawfirm.net<br>***Counsel for Defendant Benjamin Price*** |
| John T. Pion, Esquire<br>Julie A. Brennan, Esquire<br>Pion, Nerone, Girman, Winslow & Smith<br>1500 One Gateway Center<br>420 Fort Duquesne Boulevard<br>Pittsburgh, PA  15222<br>jpion@pionlaw.com<br>jbrennan@pionlaw.com<br>***Counsel for Defendant Sulzer Turbo Services New Orleans, Inc.*** | Karen M. Maschke, Esquire<br>Wilson Elser<br>Two Commerce Square<br>2001 Market Street, Suite 3100<br>Philadelphia, PA  19103<br>Karen.maschke@wilsonelser.com<br>***Counsel for Defendant Delta Air Lines, Inc***. |
| Stephen S. Holmes, Esquire<br>Cors & Bassett<br>PNC Center<br>201 East Fifth Street, Suite 900<br>Cincinnati, OH  45202<br>ssh@corsbassett.com<br>***Counsel for Defendant Ohio Valley Bistros, Inc.*** | |

RAWLE & HENDERSON LLP

By:     /s/Thomas DiStefano

Thomas DiStefano, Esquire

13720257-1