IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J.D. and R.D.,                          Civil Action No. 2:20-cv-00749-WSS
Plaintiffs,
v.
BENJAMIN PRICE, DELTA AIR LINES,
INC., OHIO VALLEY BISTROS, INC.,
HOST INTERNATIONAL, INC., and
HMSHOST CORPORATION,
Defendants.

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

Pursuant to this Court's Order of August 13, 2020, Federal Rule of Civil Procedure 26(f), and Local Rule 16, the parties, by and through counsel, hereby submit the following Rule 26(f) Report.

1.      **Identification of counsel and unrepresented parties**.

| | |
|---|---|
| Todd A. Gray, Esq.<br>Sunshine Fellows, Esq.<br>Donald Smith, Esq.<br>LEWIS, BRISBOIS, BISGAARD & SMITH, LLP<br>249 Fourth Avenue, Suite 805<br>Pittsburgh, PA 15219<br>P: (412) 567-5596<br>F: (412) 567-5494<br>Todd.gray@lewisbrisbois.com<br>Sunshine.R.Fellows@lewisbrisbois.com<br>Donald.Smith@lewisbrisbois.com<br>*Counsel for Defendant Benjamin Price* | Amanda C. Dure, Esq.<br>Douglas P. Desjardins, Esq.<br>PANGIA LAW GROUP<br>1717 N Street NW<br>Washington, DC 20036<br>P: (202) 638-5300<br>F: (202) 393-1725<br>adure@pangialaw.com<br>dpd@pangialaw.com<br>*Counsel for Plaintiffs J.D. and R.D.* |
| Thomas DiStefano, Esq.<br>Maureen E. Daley, Esq.<br>RAWLE & HENDERSON, LLP<br>The Henry W. Oliver Building<br>535 Smithfield Street<br>Suite 1000<br>Pittsburgh, PA 15222<br>tdistefano@rawle.com<br>MDaley@rawle.com<br>*Counsel for Defendant Host International, Inc.,*<br>*HMSHost Corporation* | Karen M. Maschke, Esq.<br>Kathryn A. Grace, Esq.<br>Jonathan Dryer, Esq.<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br>Two Commerce Square<br>2001 Market Street, Suite 3100<br>Philadelphia, PA 19103<br>P: (215) 606-3927<br>F: (215) 627-2665<br>Karen.maschke@wilsonelser.com<br>Kathryn.grace@wilsonelser.com<br>Jonathan.dryer@wilsonelser.com<br>*Counsel for Defendant Delta Air Lines, Inc.* |

2. **Set forth the general nature of the case:** Assault, negligence

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   Date of Conference: August 26, 2020

   Participating Counsel:

   Amanda C. Dure and Douglas P. Desjardins on behalf of Plaintiff J.D. and R.D.

   Kathryn A. Grace for Defendant Delta Air Lines, Inc.

   Thomas DiStefano for Defendant Host International, Inc. and HMS Host Corporation

   Sunshine Fellows for Defendant Benjamin Price

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:
   September 21, 2020 at 10:30 AM

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**
   n/a

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   Mediation to be conducted by Sally Griffith Cimini, Esq. on or before November 2, 2020.

7.	**Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**: n/a

8.	**Subjects on which fact discovery may be needed**: All claims and defenses of all parties, and damages.

9.	**Set forth suggested dates for the following**

a.	**Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** Wednesday, September 9, 2020

b.	**Date by which any additional parties shall be joined:** November 1, 2020

c.	**Date by which the pleadings shall be amended:** November 1, 2020

d.	**Date by which fact discovery should be completed:** April 1, 2021

e.	**If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** n/a

f.	**Date by which plaintiff's expert reports should be filed:** January 22, 2021

g.	**Date by which depositions of plaintiff's expert(s) should be completed:** February 22, 2021

h.	**Date by which defendant's expert reports should be filed:** March 22, 2021

i.	**Date by which depositions of defendant's expert(s) should be completed:** April 6, 2021

j.	**Date by which third party expert's reports should be filed:** n/a

k.	**Date by which depositions of third party's expert(s) should be completed:** n/a

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations: n/a.

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

    **a.**     **ESI.** Is either party seeking the discovery of ESI in this case?
        X Yes     ☐ No [If "No," skip to sub-part (e) below.]

    **b.**     **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

        X <u>Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by: producing ESI in searchable PDF format unless either party requests production in native format. In such case, the producing party will provide the ESI in native format to the extent it is reasonably accessible. Neither party waives its right to object to the production of documents in native format on the grounds of undue burden, cost, or accessibility to the producing party.</u>
        ☐ Have developed an ESI discovery plan (as attached).
        ☐ Will have an ESI discovery plan completed by
        ☐ NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

    **c.**     **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
        X Yes     ☐ No

    **d.**     **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
        ☐ Yes     X No

    **e.**     **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

        X Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
        ☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
        ☐ Are unable to agree on appropriate non-waiver language.

    **f.**     **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help

resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
☐ Yes        X   No

    **g.**    <u>**Other**</u>. Identify all outstanding disputes concerning any ESI issues: None.
_____

12.    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:  (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial counsel for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their calendars in hand to discuss those items listed  below that require scheduling.  In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the  Conference by telephone):

    A post-discovery status conference shall be held on or before May 1, 2020 and set forth dates for the following:

    **a.**    **Settlement and/or transfer to an ADR procedure;**

    **b.**    **Dates for the filing of expert reports and the completion of expert discovery  as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected  to defer such discovery until after the Post-Discovery Status Conference;**

    **c.**    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    **d.**    **Dates by which parties' pre-trial statements should be filed;**

    **e.**    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    **f.**    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    **g.**    **Dates proposed for final pre-trial conference;**

    **h.**    **Presumptive and final trial dates.**

**13.**    Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c): The Parties have discussed the entry of a Protective Order as a result of the sensitive nature of the medical records of J.D.

**14.**    Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master

and any special qualifications that such master may require to perform such role: n/a.

**15.** If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached: n/a.

**16.** Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration: The parties have agreed to mediate this matter on or before November 2, 2020 in order to attempt an early settlement of this matter.

Respectfully submitted this the 8th day of September, 2020.

| | |
|---|---|
| /s/ Sunshine Fellows<br>Sunshine Fellows, Esq.<br>Todd A. Gray, Esq.<br>Donald Smith, Esq.<br>LEWIS, BRISBOIS, BISGAARD & SMITH, LLP<br>249 Fourth Avenue, Suite 805<br>Pittsburgh, PA 15219<br>P: (412) 567-5596<br>F: (412) 567-5494<br>Todd.gray@lewisbrisbois.com<br>Sunshine.R.Fellows@lewisbrisbois.com<br>Donald.Smith@lewisbrisbois.com<br>*Counsel for Defendant Benjamin Price* | /s/ Amanda C. Dure<br>Amanda C. Dure, Esq.<br>Douglas P. Desjardins, Esq.<br>PANGIA LAW GROUP<br>1717 N Street NW<br>Washington, DC 20036<br>P: (202) 638-5300<br>F: (202) 393-1725<br>adure@pangialaw.com<br>dpd@pangialaw.com<br>*Counsel for Plaintiffs J.D. and R.D.* |
| /s/ Thomas DiStefano<br>Thomas DiStefano, Esq.<br>Maureen E. Daley, Esq.<br>RAWLE & HENDERSON, LLP<br>The Henry W. Oliver Building<br>535 Smithfield Street<br>Suite 1000<br>Pittsburgh, PA 15222<br>tdistefano@rawle.com<br>MDaley@rawle.com<br>*Counsel for Defendant Host International, Inc.,*<br>*HMSHost Corporation* | /s/ Kathryn A. Grace<br>Kathryn A. Grace, Esq.<br>Karen M. Maschke, Esq.<br>Jonathan Dryer, Esq.<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br>Two Commerce Square<br>2001 Market Street, Suite 3100<br>Philadelphia, PA 19103<br>P: (215) 606-3927<br>F: (215) 627-2665<br>Karen.maschke@wilsonelser.com<br>Kathryn.grace@wilsonelser.com<br>Jonathan.dryer@wilsonelser.com<br>*Counsel for Defendant Delta Air Lines, Inc.* |