UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| J.D. and R.D.<br><br>          Plaintiffs<br>     v.<br><br>BENJAMIN PRICE; SULZER TURBO SERVICES NEW ORLEANS, INC.; DELTA AIR LINES, INC.; OHIO VALLEY BISTROS, INC., HOST INTERNATIONAL, INC., and HMSHOST CORPORATION<br><br>          Defendants | CIVIL ACTION<br><br>CASE NO.  2:20-cv-749 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DELTA AIR LINES, INC'S MOTION FOR SUMMARY JUDGMENT**

Defendant Delta Air Lines, Inc. ("Delta") hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment.

**I.   RELEVANT BACKGROUND**

This litigation arises out of injuries allegedly sustained by plaintiffs as a result of the actions of defendant, Benjamin Price, while on board a Delta Airlines flight on May 20, 2018.  Prior to boarding the subject flight, Mr. Price consumed alcoholic beverages at the TGI Friday's restaurant in the Pittsburgh International Airport.  Plaintiff alleges that when Price boarded the flight he was obviously intoxicated, though no member of the flight crew or the gate agent recalled anything out of the ordinary that would suggest Mr. Price was intoxicated.  Defendant Price was not served any alcoholic beverages during the subject flight.

Mr. Price slept for most of the flight.  He woke up as the plane was preparing to land and allegedly "grabbed" plaintiff J.D.'s leg and genital area before "passing out" again.  Plaintiff did not notify anyone on the flight of the incident with Mr. Price until after landing, at which time she requested assistance from the Delta flight crew which was provided, along with security and police

assistance. Defendant Benjamin Price pled guilty to assaulting Plaintiff J.D. on board Flight 1860 on May 20, 2018.

Plaintiffs assert three causes of action against Delta: Negligence, Negligent Infliction of Emotional Distress and Loss of Consortium. Plaintiffs, however, are unable to set forth any evidence sufficient to support any claim against Delta. Any cross clams against Delta are for contribution or indemnity, and do not assert any independent basis of liability against Delta. There are no genuine disputes as to any material fact herein and, therefore, this Court should grant Summary judgment in Delta's favor as a matter of law and dismiss it from this litigation with prejudice.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiffs initially filed their Complaint in the Court of Common Pleas of Allegheny County; a timely Notice of Removal was filed on May 22, 2020. Plaintiffs filed a Second Amended Complaint on July 15, 2020 and Delta filed its Answer with Affirmative Defenses and Crossclaims on July 30, 2020. *See* Docket No. 22 and 24.

Pursuant to this court's most recent case management order, discovery in this matter closes on July 5, 2021. *See* Docket No. 55. Plaintiffs deposed a number of Delta representatives and Ben Price. Accordingly, Delta's Motion for Summary Judgment is ripe for this court's review.

## III. LEGAL ARGUMENT

Plaintiffs' claims against Delta do not meet the required elements to maintain a cause of action for negligence or negligent infliction of emotional distress to recover damages under Pennsylvania law. As a loss of consortium claim is derivative of the negligent and negligent infliction of emotional distress claims, if those claims are dismissed, the loss of consortium claim against Delta must also be dismissed.

A.   **Summary Judgment Standard**

Pursuant to F.R.C.P. 56(a), summary judgment is warranted on a claim or defense if the moving party demonstrates there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." F.R.C.P. 56(a). For purposes of summary judgment, a fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Haybarger v. Laurence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 412 (3d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute to be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* (quoting *Anderson*, 477 U.S. at 248-49).

Accordingly, the party moving for summary judgment must show that if the evidence of record were reduced to admissible evidence in court, it would be insufficient to allow the non-moving party to carry its burden of proof. See *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Provided the moving party has satisfied this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Instead, if the moving party has carried its burden, the non-moving party must then respond by identifying specific facts, supported by evidence, which show a genuine issue for trial, and may not rely upon the allegations or denials of its pleadings. See *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007); see also Fed. R. Civ. P. 56(c).

B.   **Plaintiffs are unable to set forth a *prima facie* claim for negligence against Delta.**

To sustain a claim for negligence under Pennsylvania law, plaintiffs must establish: (1) the existence of a duty; (2) a breach of that duty; (3) a causal relationship between the breach and complained of injury and (4) actual loss or damage. *Pittsburgh Nat'l Bank v. Perr,* 637 A.2d 334, 336 (Pa. Super.Ct. 1994). *Orner v. Mallick,* 515 Pa. 132, 527 A.2d 521, 523 (Pa. 1987).

Generally, absent a pre-existing duty, a party cannot be held liable for the criminal actions of a third party. *McCann v. Miller*, No. 08-561, 2009 U.S. Dist. LEXIS 114766 (E.D. Pa. Dec. 7, 2009), citing *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742, 746 (Pa. 1984). However, in certain situations, such as with common carriers, a special duty may arise for the common carrier to protect its passengers. *Id.*

Although a common carrier is required under Pennsylvania law to exercise the highest duty of care, "the carrier is not an insurer of its passengers' safety. . . ." *LeGrand v. Lincoln Lines*, *Inc*., 384 A.2d 955, 956 (Pa. Super. 1978). To impose liability on a carrier for the offending conduct of another, it must be shown that prior to the occurrence which caused the injury, the conduct of the offending party has been such that it indicated a disposition to engage in physically violent conduct and gives rise to a reasonable apprehension of injury to other individuals. *Mangini v. SEPTA,* 1974 Pa. Dist. & Cnty. Dec. LEXIS 118, citing *Kerns v. Pa. R.R. Co.,* 336 Pa. 477 (1951). The scope of any duty owed by Delta is limited to those risks which are reasonably foreseeable by the defendant in the particular circumstances. *Zanine v*. *Gallagher*, 497 A.2d 1332, 1334 (Pa. Super. 1985) (concluding that the defendant owed no duty of care to guard against unforeseeable risks).

While Delta admits it owes a duty to its passengers, the duty it owes "is only one to exercise reasonable care under the circumstances. The defendant is not liable where he neither knows nor should know of the unreasonable risk, or of the illness or injury. He is not required to take precautions against a sudden attack from a third person which he has no reason to anticipate." *Restatement (Second) of Torts §314A*. In the case at hand, there is no evidence or testimony, other than plaintiffs' own unsupported allegations, that defendant Price was visibly and obviously intoxicated. Defendant Price testified that he did not recall speaking to any flight staff prior to taking his seat and denied any difficulty or aggressive behavior in doing so. (Exhibit "B"). While plaintiff J.D. alleges that Price was visibly and obviously intoxicated upon taking his seat, she did

not see him in the gate area nor did she notify any Delta staff of her concern when he boarded. There is no evidence or testimony presented that would give rise to the presumption that Delta knew, or even had any reason to know, that Price was intoxicated upon boarding the subject flight. Delta had no reasonable reason to anticipate that defendant Price may cause harm to any other passenger.

The United Stated District Court for the District of Colorado recently took up a similar case where the airline argued that there was nothing in the complaint to suggest that it was foreseeable that an otherwise unremarkable passenger on an otherwise unremarkable flight would commit sexual assault and, therefore, there was no general duty on the part of the airline to act in advance to prevent the assaults from occurring. *Ramsay v. Frontier, Inc.,* Civil Action No. 19-cv-03544-CMA-NRN, 2020 U.S. Dist. LEXIS 151176 (D. Colo. July 30, 2020). In the case at hand, plaintiff alleges that she noticed a "strong smell of alcohol emanating from defendant Price's person" as she moved to allow him into his seat and further states that defendant Price "had difficulty locating and buckling his seatbelt. After getting situated, he stared at plaintiff J.D., and then passed out." Exhibit "A" at ¶25-28. These are the only facts alleged by plaintiffs in support of their claim that defendant Price was legally intoxicated upon boarding the subject flight. Delta, however, would have no reason to know of defendant's alleged difficulty in locating and buckling his seatbelt and no Delta employee noticed an odor of alcohol on Mr. Price when he boarded the plane. Even if Delta had been aware of this behavior, it would by no means rise to the level of putting Delta on notice that defendant Price may be a hazard. Even plaintiff J.D., a law enforcement officer herself, did not feel that his actions rose the level of being a potential hazard, and did not report him to any Delta flight staff before take-off. To the Delta employees, before plaintiff reported the incident to staff after the aircraft had landed, Defendant Price was just an otherwise unremarkable passenger on an otherwise unremarkable flight. Defendant Price's assault of plaintiff was not in any way reasonably foreseeable by Delta under the circumstances.

Plaintiffs cannot establish that Delta breached any duty owed and, therefore, are unable to sustain their burden of proof and claim against Delta. Accordingly, there are no material facts in dispute and pursuant to F.R.C.P. 56(a), Delta should be granted summary judgment as a matter of law in this case.

### C. Plaintiffs, similarly, are unable to set forth a *prima facie* claim for negligent infliction of emotional distress.

Given the above, plaintiff's claim for negligent infliction of emotional distress also must fail. "[A]bsent a finding of negligence, the negligent infliction of emotional distress claim cannot survive. *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 45 (Pa.Super. 2000); citing, *J.E.J. v. Tri-County Big Brothers/Sisters*, 692 A.2d 582 at 586 fn. 4. ("[I]f there is no negligence claim, we need not reach the emotional distress issue… In light of our finding that the appellees were not negligent, [plaintiffs] cannot successfully assert a claim for negligent infliction of emotional distress."

### D. Plaintiff's loss of consortium claim cannot be sustained.

With regard to plaintiff husband's claim for loss of consortium, such an action is derivative of the injured spouse's claim. *Barchfeld v. Nunley,* 595 Pa.Super. 517 (1990)(aff'd 477 A.2d 910 (Pa.1990)) As plaintiff J.D., the injured spouse, cannot sustain a claim against Delta, plaintiff R.D.'s claim for loss of consortium must fail as well.

### IV. RELIEF REQUESTED

As outlined herein, plaintiffs are unable to establish any claim against Delta. Accordingly, Delta's Motion for Summary Judgment must be granted pursuant to F.R.C.P. 56(a).

**(Signature Line on Next Page)**

250978524v.1

        Respectfully submitted,

By: */s/Jonathan Dryer*
   Jonathan Dryer, Esquire; PA ID No. 34496
   Kathryn A. Grace, Esquire (*pro hac vice)*
   **Wilson Elser Moskowitz Edelman & Dicker, LLP**
   Two Commerce Square
   2001 Market Street - Suite 3100
   Philadelphia, PA 19103
   (P) 215.627.6900
   (F) 215.627.2665
   Jonathan.Dryer@wilsonelser.com
   Kathryn.Grace@wilsonelser.com

Date: March 17, 2021