UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| J.D. and R.D.<br><br>              Plaintiffs<br><br>v.<br><br>BENJAMIN PRICE; SULZER TURBO SERVICES NEW ORLEANS, INC.; DELTA AIR LINES, INC.; OHIO VALLEY BISTROS, INC., HOST INTERNATIONAL, INC., and HMSHOST CORPORATION<br><br>              Defendants | CIVIL ACTION<br><br>CASE NO. 2:20-cv-749 |

## SUPPLEMENTAL STATEMENT OF UNDISPUTED AND MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56 (B)1

Pursuant to Local Civil Rule 56, Defendant Delta Air Lines, Inc. ("Delta") presents the following Supplemental Statement of Material Facts in support of its Motion for Summary Judgment:

1. On May 20, 2018, Plaintiff J.D. ("J.D.") was a passenger on Delta Air Lines Flight 1860 (the "Flight") from Pittsburgh, Pennsylvania to Hartsfield-Jackson Atlanta International Airport in Atlanta, Georgia. (Plaintiffs' Second Amended Complaint at ¶17, attached as Exhibit "A").

2. Defendant, Benjamin Price ("Price"), was also a passenger on Delta Air Lines Flight 1860 and was seated next to Plaintiff J.D. (Exhibit "A" at ¶18).

3. Plaintiffs alleges that Price sexually assaulted J.D. as the aircraft prepared to land in Atlanta (the "Incident"). (Exhibit "A" at ¶30).

4. Prior to boarding Flight, Price was drinking alcoholic beverages at a TGI Friday's restaurant in the Pittsburgh International Airport. (Exhibit "A" at ¶21).

5. J.D. did not observe Mr. Price in the gate area.

6. Delta's gate agent for the Flight, Renae Asay, testified that she would not allow a passenger to board a flight if they appeared intoxicated or exhibited any other disruptive or harmful behavior. (Deposition of Renae Asay at 12:23-14:12, attached hereto as Exhibit "B").

7. Ms. Asay did not recall any observation of Price as he boarded the Flight. (Deposition of Renae Asay at 26:14-18, attached as Exhibit "B").

8. Ms. Asay testified that she would have recalled any observation of Price if he appeared intoxicated or exhibited any other alarming behavior. (Deposition of Renae Asay at 26:14-18, attached as Exhibit "B").

9. Ms. Asay testified that she would have documented any such observation and alerted the captain and lead flight attendant. (Deposition of Renae Asay at 26:14-22, attached as Exhibit "B").

10. Price did not vomit, trip or fall, threaten anyone, or exhibit any hostile behavior prior to or during his boarding of the Flight. (Deposition of Benjamin Price at 59:15-60:4, attached hereto as Exhibit "D").

11. Delta's lead flight attendant, Dequavius Baker, did not observe anything out of the ordinary with Price before the Flight landed. (Deposition of Dequavius Baker at 16:7-18:18, attached hereto as Exhibit "C").

12. On the date of the Incident, J.D. was "traveling on official government duty as an armed law enforcement officer." (Exhibit "A" at ¶17).

13. While J.D. testified that Price appeared intoxicated when he took his seat beside her, she did not identify any behavior by Price that would indicate a disposition to engage in violent or harmful behavior before the Incident. (Deposition of J.D. at 56:7-62:2, attached hereto as Exhibit "E").

14. Nor did J.D. report any behavior by Price to the Flight crew during the boarding process or during the flight.

15. Price fell asleep before the aircraft left Pittsburgh and did not wake up until ten (10) minutes before the flight crew notified passengers that they were beginning their descent into Atlanta. (Deposition of J.D. at 61:5-20, attached hereto as Exhibit "E").

16. J.D. did not notify any Delta employee or representative that Price was intoxicated or that he may present a danger to other passengers before the Incident. (Deposition of J.D. at 59:25-60:10, attached hereto as Exhibit "E").

17. Price was not served any alcoholic beverages during the Flight. (Deposition of J.D. at 136:17-19, attached hereto as Exhibit "E").

18. When asked in discovery to identify "all facts, evidence and witnesses" to support her allegation that Price was "visibly, noticeably, and obviously intoxicated" when he boarded the Flight, J.D. referred Delta to statements and deposition testimony of witnesses who did not observe Price until after the Flight landed in Atlanta. (See J.D.'s Supplemental Answers to Delta's Interrogatories, attached hereto as Exhibit "F", at No. 4).

19. Other than J.D's own account, these observations and interactions occurred hours after Price boarded the aircraft and after the witnesses had already been informed by J.D. that Price was intoxicated. (See J.D.'s Supplemental Answers to Delta's Interrogatories, attached hereto as Exhibit "F", at No. 4).

20. J.D. also referred Delta to the deposition testimony of Price, who denied engaging in any behavior that would place Delta on notice that he was visibly intoxicated or may present a danger to other passengers before the Incident. (See J.D.'s Supplemental Answers to Delta's Interrogatories, attached hereto as Exhibit "F", at No. 4).

21. Finally, J.D. referred to a report prepared by her expert witness, who never observed or interacted with Price on the date of the Incident. (See J.D.'s Supplemental Answers to Delta's Interrogatories, attached hereto as Exhibit "F", at No. 4).

22. In sum, Plaintiffs have produced no evidence or testimony that supports their claim that Price was "visibly and odorously intoxicated" upon boarding the Flight.

23. More importantly, Plaintiffs have produced no evidence or testimony to establish that Delta knew or should have known that Price presented a danger to J.D. or any other passenger on the Flight.

24. Accordingly, Plaintiffs cannot identify a genuine issue of material fact regarding Delta's alleged breach of any duty owed to J.D.

Date: August 10, 2021                    By    /s/Kathryn A. Grace
                                                Kathryn A. Grace, Esquire
                                                Pete Schwenker, Esquire; PA ID No. 309655
                                                **Wilson Elser Moskowitz Edelman & Dicker, LLP**
                                                Two Commerce Square
                                                2001 Market Street - Suite 3100
                                                Philadelphia, PA 19103
                                                (P) 215.627.6900
                                                (F) 215.627.2665
                                                Kathryn.Grace@wilsonelser.com
                                                Pete.Schwenker@wilsonelser.com