IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J.D. and R.D.,

    Plaintiffs,

v.

BENJAMIN PRICE, SULZER TURBO SERVICES NEW ORLEANS, INC., DELTA AIR LINES, INC., OHIO VALLEY BISTROS, INC., HOST INTERNATIONAL, INC., and HMSHOST CORPORATION,

    Defendants

CIVIL ACTION NO. 2:20-cv-749-WSS

## MEMORANDUM OF LAW OF DEFENDANTS, HOST INTERNATIONAL, INC. AND HMSHOST CORPORATION IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(B)1

Defendants, Host International, Inc, and HMSHost Corporation, (collectively "Host") submit the following Memorandum of Law in support of their Motion for Summary Judgment.

### I. RELEVANT BACKGROUND

Plaintiffs allege on May 20, 2018 Defendant, Benjamin Price inappropriately touched Plaintiff, J.D. on Delta Flight 1860 from Pittsburgh, PA to Atlanta, GA, approximately 10 (ten) minutes before landing. Plaintiffs further allege that prior to boarding this flight, Benjamin Price was "visibly intoxicated" prior to being served his last alcoholic beverage at the TGI Friday's restaurant located at the Pittsburgh International Airport. Identified witnesses from this case which encountered defendant, Price prior to and during boarding of this flight are former bartender, Stephanie Johnson, Delta gate agent, Renae Asay, the Delta flight crew: Dequavius Baker, Susan Shaw and Juavesha Stephens, 13 C passenger Vincent Pilolli and the plaintiff, J.D..

1

Stephanie Johnson and Vincent Pilolli have not been deposed nor have they provided any statements regarding this matter. Out of these possible eight (8) witnesses (including Price himself), only the plaintiff, J.D. claims she noticed a strong odor of alcohol upon Defendant, Price and that he had difficulty buckling his seatbelt after he boarded the flight. There are no other witnesses from the course of discovery to offer any visible signs of intoxication upon Defendant, Price prior to and during the boarding process. There are also no witnesses that Defendant, Price was visibly intoxicated prior to being served his last beverage at the TGI Friday's, which is the basis of Plaintiffs claims against defendant Host.

## II.      RELEVANT PROCEDURAL HISTORY

Plaintiffs commenced this action by Complaint on January 16, 2020, in the Court of Common Pleas of Allegheny County Pennsylvania. On February 13, 2020, Plaintiffs filed their first Amended Complaint and on April 24, 2020 Plaintiffs filed another Amended Complaint. On May 22, 2020, Defendants, Host International Inc. and HMSHost Corporation filed a Notice of Removal to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1331. On July 15, 2020, Plaintiffs filed a Second Amended Complaint with this Court on July 15, 2020. On June 17, 2021, your Honor signed a Scheduling Order closing discovery on July 30, 2021. Therefore, Defendants Host International, Inc. and HMSHost Corporation's Motion for Summary Judgment is ripe for review.

## III.      LEGAL ARGUMENT

Plaintiffs fail to set forth a prima facie claim that Host violated 47 P.S. § 4-493, Unlawful acts relative to liquor, malt and brewed beverages and licensees. Since the claimed violation of 47 P.S. § 4-493 fails, the derivative loss of consortium claims against Host must also be dismissed.

### A. Summary Judgment Standard

Summary judgment, F.R.C.P. 56(a), is warranted if the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A fact is material if it must be decided in order to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255.

Under the summary judgment analysis, "Where the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by showing that the admissible evidence contained in the record would be insufficient to carry the nonmoving party's burden of proof." *Ins. Co. of Greater N.Y. v. Fire Fighter Sales & Serv. 's Co.*, 120 F. Supp. 3d 449, 456 (W.D. Pa. 2015) (citing *Celotex Corp.*, 477 U.S. at 322). "Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond his or her pleadings and designate specific facts by the use of affidavits, depositions, admissions or answers to interrogatories showing that there is a genuine issue of material fact for trial." *Id.* (citing *Celotex Corp.*, 477 U.S. at 324).

### A. Plaintiffs Fail to Set Forth a Prima Facie Claim that Host violated 47 P.S. § 4-493.

Plaintiffs' claims against Host are based on Pennsylvania's Dram Shop Act, 47 P.S. § 4-493. The act states in relevant part that it is unlawful for:

> any licensee or the board, or any employe[e], servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed

>beverages to be sold, furnished or given, to any person **visibly** intoxicated. 47 P.S. § 4-493(1) (emphasis added).

Plaintiffs must establish the following: (1) that an employee of Host served Defendant, Price an alcoholic beverage while he was **visibly** intoxicated, and (2) that doing so proximately caused Plaintiff, J.D.'s injuries. *See Fandozzi v. Kelly Hotel, Inc.*, 711 A.2d 524, 525 (Pa. Super. Ct. 1998) (citing *Johnson*, 615 A.2d at 775). Whether a person was *visibly* intoxicated when served is judged by physical appearance rather than medical diagnoses. *Id.* at 528 (citing *Hiles v. Brandywine Club*, 443 Pa. Super. 462, 662 A.2d 16, 19 (Pa. Super. Ct. 1995)). *Poon v. Dom*, No. 3:16-cv-06, 2017 U.S. Dist. LEXIS 119446, at *9 (W.D. Pa. July 31, 2017).

### *LACK OF EVIDENCE OF VISIBLE INTOXICATION*

The record is devoid of any direct evidence that defendant, Price was visibly intoxicated at the time he was served alcohol at the TGI Friday's. Two witnesses, the former bartender Stephanie Johnson (not deposed nor statement given) and defendant, Benjamin Price would be able to provide direct evidence to support plaintiffs' case. However, Mr. Price actually testified that he had did not display any visible signs of intoxication while at the TGI Friday's. Defendant, Price testified he did not see any signs or symptoms of drunkenness when he left the TGI Friday's, he did not remember any difficulty walking to and from the bathroom while at TGI Friday's, nor any difficulty walking to the plane or his seat. See Deposition Transcript of Benjamin Price attached hereto as Exhibit "G" at 38: 16-19 and 52:11-19.

The circumstantial and admissible evidence is also scant and does not establish a prima facie case that defendant, Price was visibly intoxicated prior to being served his last alcoholic beverage. The following Delta employees have been deposed and did not notice any visible signs of intoxication of defendant, Price prior to and during boarding of this flight: Delta gate agent at the Pittsburgh International Airport, Renae Asay, flight crew of Delta flight 1860, lead flight attendant Dequavius Baker, flight attendant Susan Shaw and flight attendant Juavesha

4

Stephens.  In addition to the above, 13 C passenger Vincent Pilolli, who sat next to plaintiff, J.D. has not been deposed nor has offered a statement in this matter.  Plaintiff, J.D. claims she noticed a strong odor of alcohol upon Defendant, Price and he had difficulty buckling his seatbelt after he boarded the flight.   Defendant, Price then went to sleep and did not wake up for approximately another 2 hours later.

Furthermore, subsequent circumstantial evidence which plaintiffs intend to submit in this matter will be well beyond two (2) hours from the time defendant, Price was served his last beverage at the TGI Friday's.  The time lapse in observations of the defendant was the concern of the Court for the United States District Court for the Western District of Pennsylvania in *Poon v. Dom*, 2017 U.S. Dist. LEXIS 119446 (W.D. Pa. July 31, 2017), to support circumstantial evidence to overcome a summary judgment motion.  The *Poon* Court referred to the evidence as "scant" and the motion a "close call".  *Id* at 18 and 2 respectively.  There is less circumstantial evidence in the case before your Honor and a larger lapse of time of observations.

> In *Poon* the evidence adduced by the court was as follows:
>> Dom had two shots of alcohol and six beers in a short amount of time (if the Court assumes she started drinking at 10 p.m.). The accident occurred at approximately 1:20 a.m., which was within an hour "or so" of Dom leaving Point Pub—meaning Dom was at Point Pub around 12:20 a.m. and was served a beer sometime around then. That beer was the last drink she consumed before the accident. At approximately 1:26 a.m., the responding police officers noticed visible signs of intoxication on Dom's part, including a strong odor of alcohol, bloodshot eyes, slurred speech, and officer Repak observed her falling to the ground while she was walking back to Harris's car. Similarly, a witness to the accident also heard Dom slurring her speech and noticed that she smelled like alcohol.  And Dom's blood-alcohol test—which was administered approximately two hours after she left Point Pub— showed a blood-alcohol level of 0.176%.
>
> *Id*. at 18.

*Poon* is distinguishable from this case, as there is no accident within an hour from defendant, Price being served his last beverage at the TGI Friday's. Furthermore, within an hour Dom was observed by police officers to have strong odor of alcohol, bloodshot eyes, slurred speech and fell to the ground. No such observations of defendant, Price as he was still asleep at least an hour after he left the TGI Friday's. Also in *Poon*, defendant Dom had a blood alcohol test within 2 hours from leaving the pub and had a Blood Alcohol Content (BAC) of .176%.

Most importantly, not only of *Poon* but of the case law regarding circumstantial evidence, is the fact that there is no confirmation of Defendant, Price's blood alcohol content. (*See Fandozzi v. Kelly Hotel, Inc.*, 711 A.2d 524, 529 (Pa. Super. Ct. 1998) defendant, drank fourteen twelve-ounce beers within the two hours; immediately after he left, he was stumbling and falling to the ground, and could not identify where he lived; that he was still highly intoxicated when found by police more than four hours later; and that his blood alcohol content was 0.214 percent approximately six hours after leaving the hotel.) *(See Also, Speicher v. Reda*, 290 Pa. Super. 168, 169, 434 A.2d 183, 184 (1981) five or ten minutes after leaving Duffy's Tavern, Donald Reynolds was travelling along a highway when his car struck a motorcycle operated by David Speicher, defendant had slurred speech, staggered gait, trouble standing, combative with a police photographer and refused a blood alcohol test.)

The matter before your Honor is most similar to *Conner v. Duffy*, 438 Pa. Super. 277, 282, 652 A.2d 372 (1994). "William Conner (Conner) was injured when a car driven by Walter Duffy (Duffy) collided with the motorcycle Conner was riding. Duffy, along with several friends, was returning home from a baseball game at Veteran's Stadium in Philadelphia when the accident occurred." *Conner v. Duffy*, 438 Pa. Super. 277, 279, 652 A.2d 372, 373 (1994). The plaintiff's proof of defendant's visible intoxication was of defendant's appearance at the time of his arrest of slurred speech and bloodshot eyes, field sobriety tests, his blood alcohol level and the expert's

6

relation back testimony. *Conner v. Duffy*, 438 Pa. Super. 277, 282, 652 A.2d 372, 374 (1994). The Superior Court granted summary judgment because, that plaintiff failed to establish a genuine issue of material fact of visible intoxication.

As in this matter, there are no such observations of visible intoxication of Defendant, Price for over 2 hours from the flight and not until he gets off the plane are any such observations made. (*See Similarly, Jenkins v. Krivosh,* 2015 Pa. Dist. & Cnty. Dec. LEXIS 236).

Accordingly, based on the admissible evidence contained in the record, plaintiffs cannot make a prima facie case that Host violated the Dram Shop Act pursuant to 47 P.S. §4-493 as they lack sufficient evidence to establish Defendant, Price was visibly intoxicated at the time he was served his last beverage.

## *PROXIMATE CAUSE*

Proximate cause, is a question of law, to be determined by the judge, and it must be established before the question of actual cause may be put to the jury. *Novak v. Jeannette Dist. Mem. Hosp.*, 410 Pa.Super. 603, 606, 600 A.2d 616, 618 (1991); *Askew by Askew*, 361 Pa.Super. at 41, 521 A.2d at 463. *Reilly v. Tiergarten, Inc.*, 430 Pa. Super. 10, 15, 633 A.2d 208, 210 (1993).

A determination of legal causation, essentially regards "whether the negligence, if any, was so remote that as a matter of law, [the actor] cannot be held legally responsible for [the] harm which subsequently, occurred." *Novak*, 410 Pa.Super. at 606, 600 A.2d at 618 (citation omitted). Therefore, the court must determine whether the injury would have been foreseen by an ordinary person as the natural and probable outcome of the act complained of. *Merritt v. City of Chester*, 344 Pa.Super. 505, 508, 496 A.2d 1220, 1221 (1985).

In the instant case, the alleged negligence of Host is too far remote to establish a proximate cause to Defendant, Price's alleged conduct. First, Mr. Price's actions are over two (2)

7

hours removed before he consumed his last beverage at the TGI Friday's. After consuming his last beverage, Mr. Price then would have close out his bill with the bartender, walk to the gate, have his ticket for the flight scanned, walk down the jet way, board the plane and take his seat. Once this was complete, Delta would have to do all their checks for the plane and cabin safety and verify no more passengers coming onto the flight before they could close the cabin doors and leave the gate. The Delta flight left the gate at 3:39 pm., therefore his last beverage at TGI Friday's was earlier that 3:39 pm. (Exhibit I).

In addition, Mr. Price, by plaintiff's admission, was asleep from the time he took his seat upon boarding, until 10 minutes left in the flight and then fell asleep again after the alleged assault. (Plaintiff's Second Amended Complaint ¶¶ 28-31). The flight touched down at 5:22pm, allegedly putting the assault at 5:12pm in Atlanta, GA airspace. The flight reached the gate at 5:37pm at which time plaintiff states, defendant Price again awoke.

Accordingly, based upon: 1) the lapse of time from any actions of Host being more than 2 hours removed; 2) Defendant, Price sleeping almost the entire flight; and, 3) the alleged assault occurring in Atlanta, GA airspace at 5:12 pm, the alleged acts of Host are too far removed from the alleged acts of Defendant, Price, for Host to be a proximate cause of the assault. "[L]iability is contingent upon the probability or foreseeability of the resulting injury, not merely the possibility that it could occur." *Reilly v. Tiergarten, Inc.*, 430 Pa. Super. 10, 15, 633 A.2d 208, 210 (1993)(Citing *Merritt v. City of Chester*, 344 Pa.Super. 505, 508, 496 A.2d 1220, 1221 (1985). Therefore, the actions of Host cannot be a proximate cause of this injury and Plaintiff's claim fails to establish a prima facie case, to wit summary judgment should be granted.

### B. Plaintiff R.D. Loss of Consortium Claim Cannot Be Sustained.

Plaintiff, R.D. is the husband to Plaintiff, J.D. in this matter. R.D.'s loss of consortium is a derivative action of the alleged claim of his spouse. *Barchfeld v. Nunley*, 595 Pa.Super, 517

8

(1990)(aff'd 477 A.2d 910 (Pa.1990). Since Plaintiff, J.D., the alleged injured spouse, cannot sustain a claim against Host, Plaintiff, R.D.'s claim for loss of consortium fails as well.

## IV. REQUESTED RELIEF

Based on the foregoing, there are no genuine issues of material fact regarding Host's violation of 47 P.S. Section 4-493 and no liability under 47 P.S. Section 4-497. Therefore, Defendants, Host International, Inc. and HMSHOST Corporation, request this Honorable Court enter the attached Order granting summary judgment in their favor and dismissing all claims and cross-claims with prejudice.

Respectfully submitted:

By: */s/ Thomas DiStefano*
Thomas DiStefano, Esq.
PA I.D. No.: 202847
Rawle & Henderson LLP
The Henry W. Oliver Building
535 Smithfield Street Suite 1000
Pittsburgh, PA 15222
tdistefano@rawle.com
Phone: 412-261-5704
*Counsel for Defendants, Host International Inc., and HMSHOST Corporation*

August 16, 2021